IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY STEPIEN,** | : | **Civil No. 3:11-CV-2274** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conaboy)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JUDGE VITO GEROULO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

On December 9, 2011, the plaintiff, Jeffrey Stepien, a prisoner housed at the Lackawanna County Prison, filed this federal civil rights action. (Doc. 1)  Stepien's *pro se* complaint is a spare document, which seeks far-ranging relief.   In his complaint, the plaintiff alleges that he is awaiting sentencing on some unspecified state charges.   Asserting that the sentencing process violates state rules, and has denied him his due process rights, Stepien invites us to intervene in this pending state case, entering an "arrest of judgment" on his behalf.  Stepien also seeks damages from the state trial judge and his own court appointed counsel in the amount of $8,000,000. (Doc. 1)

1

In connection with this *pro se* complaint, Stepien has filed a motion for leave to proceed *in forma pauperis*. (Doc. 4) [1]  While we will grant the motion to proceed *in forma pauperis*, (Doc. 4), as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that, in its current form, the complaint fails to state a claim upon which relief can be granted.  Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.   Discussion

### A.   Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials.  Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

---

[1]We note that, while Stepien had filed a motion for leave to proceed *in forma pauperis*, he has now also paid his initial filing fee. (Doc. 3)  Of course, as a prisoner Stepien is still obliged at some time to pay this filing fee, even when he is granted *in forma pauperis* status.  Therefore, the payment of the fee does not alter the request to otherwise proceed *in forma pauperis*.  Furthermore, we  recognize that there are many other benefits to *in forma pauperis* status, such as service of the plaintiff's pleadings by the U.S. Marshals.  Therefore, we will treat Stepien's complaint as one tendered by a *pro se* prisoner seeking the benefits of *in forma pauperis* status, will grant Stepien's motion for leave to proceed *in forma pauperis*, and will screen his complaint as required by law.

**(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened

form of pleading, requiring a plaintiff to plead more than the possibility
of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20

F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald

assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not

"assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."

Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459

U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly,

550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide

some factual grounds for relief which "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative

level."  Id.

In keeping with the principles of Twombly, the Supreme Court has underscored

that a trial court must assess whether a complaint states facts upon which relief can be

granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1950.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1950.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions.   Second, a District Court must

then determine whether the facts alleged in the complaint are sufficient to   show that the plaintiff has a 'plausible claim for relief.'   In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency.  Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

### B.    In its Current Form This Complaint Fails to State A Claim Upon Which Relief Can Be Granted

In this case, dismissal of this complaint is warranted because Stepien's complaint fails to meet the substantive standards required by law, in that it does not

6

set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. The flaws in the *pro se* complaint lodged by Stepien are discussed separately below.

**1.** **While a State Criminal Case is Pending Against Stepien This Court Should Abstain From Ruling Upon His Claims for Injunctive Relief.**

At the outset, we note that the plaintiff has requested a permanent injunction, in the form of an order intervening in this pending state case, entering an "arrest of judgment" on his behalf. To the extent that Stepien's complaint invites this Court to enjoin a pending state criminal case, this *pro se* pleading runs afoul of a settled tenet of federal law, the <u>Younger</u> abstention doctrine.

The <u>Younger</u> abstention doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "<u>Younger</u> abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending

state court proceedings except under special circumstances.')." <u>Kendall v. Russell</u>,

572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by

these same principles in its application.  As the United States Court of Appeals for the

Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising
> jurisdiction over a particular claim where resolution of that claim in
> federal court would offend principles of comity by interfering with an
> ongoing state proceeding." <u>Addiction Specialists, Inc. v. Twp. of
> Hampton</u>, 411 F.3d 399, 408 (3d Cir.2005) (citing <u>Younger v. Harris</u>,
> 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).  As noted earlier, the
> <u>Younger</u> doctrine allows a district court to abstain, but that discretion can
> properly be exercised only when (1) there are ongoing state proceedings
> that are judicial in nature; (2) the state proceedings implicate important
> state interests; and (3) the state proceedings afford an adequate
> opportunity to raise federal claims. <u>Matusow v. Trans-County Title
> Agency, LLC</u>, 545 F.3d 241, 248 (3d Cir.2008).
>
> <u>Kendall v. Russell</u>, 572 F.3d at 131.

Once these three legal requirements for <u>Younger</u> abstention are met, the

decision to abstain rests in the sound discretion of the district court and will not be

disturbed absent an abuse of that discretion. <u>Lui v. Commission on Adult

Entertainment Establishments</u>, 369 F.3d 319, 325 (3d Cir. 2004).  Moreover, applying

these standards, federal courts frequently abstain from hearing matters which

necessarily interfere with on-going state criminal cases. <u>Lui v. Commission on Adult

Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, the plaintiff's *pro se* complaint reveals that all of the legal prerequisites for Younger abstention are present here. First, it is evident that there are on-going state criminal proceedings in this case. Second, it is also apparent that those proceedings afford Stepien a full and fair opportunity to litigate the issues raised in this lawsuit in his pending state case. Finally, it is clear that the state proceedings implicate important state interests, since this matter involves state criminal law enforcement, an issue of paramount importance to the state. See, e.g., Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, given the important state interest in enforcement of its criminal laws, and recognizing that the state courts are prepared to fully address the merits of this matter, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. Lui v. Commission on Adult Entertainment

Establishments, 369 F.3d 319 (3d Cir. 2004);  Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

> **2.     In Its Present Form, Stepien's *Pro Se* Complaint Fails to State a Claim For Damages Upon Which Relief Can Be Granted**

Moreover, in its current form, Stepien's *pro se* complaint fails to state a claim for damages against any of the defendants named in this pleading.  The flaws in these damages claims are set forth below:

> **A.     Stepien May Not Sue His Defense Counsel for Alleged Civil Rights Violations**

At the outset, in his complaint Stepien seeks to sue a number of court-appointed private criminal defense attorneys, alleging that they did not effectively represent him in his state criminal case.  Stepien may not bring such claims against his own state criminal defense counsel as civil rights violations pursuant to 42 U.S.C. §1983.

It is well-established that §1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, §1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994);  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal

sufficiency of a cause of action under §1983 must begin with an assessment of the

validity of the underlying constitutional and statutory claims advanced by the plaintiff.

> In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected
> rights caused by persons acting under color of state law. The two
> essential elements of a §1983 action are: *(1) whether the conduct*
> *complained of was committed by a person acting under color of state*
> *law*; and (2) whether this conduct deprived a person of a federally
> protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa.

1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any

civil rights claim brought under §1983 that the plaintiff allege and prove that the

defendant was acting under color of law when that defendant allegedly violated the

Plaintiff's rights.  To the extent that a complaint seeks to hold private parties liable for

alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C.

§1983 since the statute typically requires a showing that the defendants are state

actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs like Stepien,

who may invite the courts to consider lawsuits against their own state criminal defense

counsel.  With respect to this state action requirement, it is well-settled that the

conduct of an attorney, representing a client in a state criminal case, does not by itself

rise to the level of state action entitling a state prisoner to bring a federal civil rights

actions against his own prior counsel. <u>See, e.g.,</u> <u>West v. Atkins</u>, 487 U.S. 42, 50 (1988); <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Pete v. Metcalfe</u>, 8 F.3d 214 (5 th Cir. 1993).  Therefore, in the absence of some further well-pleaded facts, Stepien may not convert his dissatisfaction with the performance of his state criminal defense counsel into a federal civil rights lawsuit.

## B.   <u>The Judge Named in This Lawsuit Is Entitled to Immunity</u>

Furthermore, in his complaint Stepien seeks to hold a state court judge personally liable to him for damages.  To the extent that Stepien seeks in his complaint to hold a state judge personally liable for civil rights violations, based upon an alleged failure to favorably respond this inmates's complaints, it is well-settled that such officials are individually cloaked with immunity from liability.  The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities.  In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, <u>Mireless v. Waco</u>, 502 U.S. 9, 13 (1991); prosecutors, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, <u>Imbler</u>, 424 U.S. at 423 n. 20  (grand jurors); <u>Harper v. Jeffries</u>, 808 F.2d 281, 284 (3d. Cir. 1986)(parole board adjudicators); are entitled to

immunity from personal liability for actions they take in our adversarial system of justice.

These longstanding common law immunities apply here and also prevent Stepien from maintaining this civil action against this judicial official. In particular, the judge named in this complaint is entitled to judicial immunity for his actions in these state criminal proceedings. Thus, a judge is immune from personal liability for any judicial acts, including presiding over a criminal case or sentencing a defendant. See, e.g., Arsad v. Means, 365 F. App'x 327 (3d Cir. 2010); Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000). As the United States Court of Appeals for the Third Circuit explained when it rejected a similar effort to impose personal civil rights liability on a judge, this immunity is both broad and absolute:

> A judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted).

Kwasnik v. Leblon, 228 F. App'x 238, 243 (3d Cir. 2007).

In short, since this official is immune from liability for his role in this criminal prosecution and sentencing, Stepien simply may not maintain an action against a

judicial officer for judicial acts and his claims against the defendant judge must be dismissed.

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Stepien has not alleged facts that would state a claim upon which relief may be granted, and it appears that he may be unable to do so.  Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Stepien attempting to amend this federal complaint  to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED , (Doc. 4), but  IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any

effort by Stepien  to timely allege facts in an amended complaint which might state

a claim upon which relief may be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of December 2011.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge