IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY STEPIEN,** | : | Civil No. 3:11-CV-2274 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Conaboy) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JUDGE VITO GEROULO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

I.   **Statement of Facts and of the Case**

On December 9, 2011, the plaintiff, Jeffrey Stepien, a prisoner housed at the Lackawanna County Prison, filed this federal civil rights action. (Doc. 1) Stepien's initial *pro se* complaint was a spare document, which demanded far-ranging relief. In his complaint, the plaintiff alleged that he was awaiting sentencing on some unspecified state charges. Asserting that the sentencing process violated state rules, and denied him his due process rights, Stepien invited us to intervene in this pending state case, entering an "arrest of judgment" on his behalf. Stepien also sought damages from the state trial judge and his own court appointed counsel in the amount of $8,000,000. (Doc. 1)

1

In connection with this *pro se* complaint, Stepien filed a motion for leave to proceed *in forma pauperis*. (Doc. 4) On December 20, 2011, we granted the motion to proceed *in forma pauperis*, (Doc. 4), but as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we carefully reviewed this complaint, and concluded that, in its current form, the complaint failed to state a claim upon which relief can be granted. Accordingly, we recommended that the complaint be dismissed. (Doc. 6)

While this recommendation was pending before the district court, Stepien filed an amended complaint, which changed the relief which the plaintiff sought, and added defendants to this action, but did not address or resolve many of the underlying legal flaws in the initial *pro se* complaint filed in this case. (Doc. 7) Rather, this amended complaint highlighted new, different, and profound deficiencies in this claimed cause of action.(Id.) For example, Stepien's amended complaint now notes that he has been sentenced by the state courts, and names 11 judges, judicial officials, court administrators, defense attorneys, prosecutors and prison officials as defendants. (Id.) While Stepien includes many new defendants in his complaint, as to a number of these defendants, such as the county commissioner, the court reporter, the clerk of court, prison and court administrators, it is entirely unclear what direct actions these defendants are alleged to have taken specifically relating to Stepien's

case. Thus, many of these defendants appear to be named as parties in this case solely because of their supervisory posts in the county legal and corrections system. (Id.) Stepien then repeats his claims that the state case which resulted in his conviction and sentencing was unfair. (Id.) However, instead of seeking to enjoin this state case, Stepien now invites us to effectively undermine and reverse the outcome of this case, by awarding compensatory and punitive damages totaling $8,000,000 against the defendants for their alleged roles in this criminal case, a case which resulted in Stepien's conviction. (Id.)

Presented with this amended complaint, the district court ordered this matter remanded to us for our consideration.(Doc. 9) Because we find that this amended complaint remains fundamentally flawed in numerous respects, for the reasons set forth below, it is recommended that the amended complaint also be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

**(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards

> have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can

5

be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1950.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other

6

words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

    **B.**    **This Amended Complaint Fails to State A Claim Upon Which Relief Can Be Granted**

In this case, dismissal of this complaint is warranted because Stepien's complaint fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right

7

guaranteed by the Constitution or laws of the United States. The flaws in the *pro se* complaint lodged by Stepien are discussed separately below.

### 1. **Stepien May Not Sue State Officials for Damages for Their Roles in a Criminal Case Which Resulted in His Conviction**

At the outset, Stepien's complaint fails because it rests on a fatally flawed legal premise. At bottom, Stepien seeks to bring a civil rights action for damages against a host of state officials premised on claims of misconduct in his state case, a case that resulted in a state criminal conviction which has not otherwise been set aside or overturned.

This he cannot do. Quite the contrary, it is well-settled that an essential element of a civil rights action in this particular setting is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a malicious prosecution, or false arrest claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law. The United States Court of Appeals for the Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994) (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305(1986) (internal quotation marks omitted)). Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point

8

> for inquiry under § 1983 as well." <u>Heck,</u> 512 U.S. at 483( quoting <u>Carey v. Piphus</u>, 435 U.S. 247, 257-58,(1978)). The Supreme Court applied this rule in <u>Heck</u> to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that "malicious prosecution provides the closest analogy ... because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process." <u>Heck</u>, 512 U.S. at 484. Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the inmate in <u>Heck</u> had not successfully challenged his criminal conviction. <u>Id</u>.

<u>Hector v. Watt</u>, 235 F.3d 154, 155-156 (3d Cir. 2000).

In this case it is evident from Stepien's complaint that his prior state criminal prosecution did not terminate favorably for him, since he admits that he was convicted in this state case and is serving a sentence as a result of this conviction. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor", <u>id</u>., the immutable fact of Stepien's conviction presently defeats any federal civil rights claims based upon the conduct of this state case, and compels dismissal of these claims. In short, this complaint is based upon the fundamentally flawed legal premise that Stepien can sue state officials for civil rights violations arising out of his state prosecution even

9

though he stands convicted of the crimes charged against him. Since this premise is simply incorrect, Stepien's complaint fails as a matter of law.

### 2. Stepien's Amended *Pro Se* Complaint Fails to State a Claim For Damages Upon Which Relief Can Be Granted

Moreover, Stepien's amended *pro se* complaint still fails to state a claim for damages against any of the defendants named in this pleading. The flaws in these damages claims are set forth below:

#### A. Stepien May Not Sue His Defense Counsel for Alleged Civil Rights Violations

At the outset, in his amended complaint Stepien seeks to sue a number of court-appointed private criminal defense attorneys, alleging that they did not effectively represent him in his state criminal case. Stepien may not bring such claims against his own state criminal defense counsel as civil rights violations pursuant to 42 U.S.C. §1983.

It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal

sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

> In this regard, it is also well-settled that:
>
> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F. Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs like Stepien, who may invite the courts to consider lawsuits against their own state criminal defense counsel. With respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil

rights actions against his own prior counsel.  See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993).  Therefore, in the absence of some further well-pleaded facts, Stepien may not convert his dissatisfaction with the performance of his state criminal defense counsel into a federal civil rights lawsuit.

> B. **The Judge, Prosecutor, and Courthouse Employees Named in This Lawsuit Are Entitled to Immunity**

Furthermore, in his amended complaint Stepien seeks to hold a state court judge, prosecutors, and various courthouse employees personally liable to him for damages.  To the extent that Stepien seeks in his amended complaint to hold these state judicial employees and prosecutors personally liable for civil rights violations, based upon their actions litigating his state case, it is well-settled that such officials are individually cloaked with immunity from liability.

The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities.  In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n.20  (grand

jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986)(parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.

The scope of these protections extend beyond judges and prosecutors to those who take discretionary actions at the direction of the courts. As this court has observed:

> Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, also are immune from suit. See Gallas, 211 F.3d at 772-73 (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir.1969) (holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir.1992). See also Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir.1989) ("Prosecutors and other necessary participants in the judicial process enjoy quasi-judicial immunity as well.").Quasi-judicial absolute immunity is available to those individuals, such as Defendants Kline and Brewer, who perform functions closely associated with the judicial process. Marcedes v. Barrett, 453 F.2d 391 (3d Cir.1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir.1967) (holding that judiciary employees executing judicial orders are immune from suit); Davis v. Philadelphia County, 195 F.Supp.2d 686 (E.D.Pa.2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters).

Stout v. Naus, 09-390, 2009 WL 1794989, at 3 (M.D. Pa. 2009)(McClure, J.).

These longstanding common law immunities for judicial, quasi-judicial, and prosecutorial officials directly apply here and prevent the plaintiff from maintaining this civil action for damages against the individual defendants he has named in his amended complaint. Thus, the judge named in this complaint is entitled to judicial immunity for his actions in these state criminal proceedings, including presiding over a criminal case or sentencing a defendant. See, e.g., Arsad v. Means, 365 F. App'x 327 (3d Cir. 2010); Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000). As the United States Court of Appeals for the Third Circuit explained when it rejected a similar effort to impose personal civil rights liability on a judge, this immunity is both broad and absolute:

> A judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted).

Kwasnik v. Leblon, 228 F. App'x 238, 243 (3d Cir. 2007).

Similarly, the prosecutors and courthouse employees who participated in this litigation are immune for personal liability for their conduct in the course of this case. See e.g., Imbler v. Pachtman, 424 U.S. 409, 427 (1976); See Gallas, 211 F.3d at 772-

14

73 (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir.1969) (holding that prothonotary, acting under court direction, was immune from suit). In short, since these officials are immune from liability for their roles in this criminal prosecution and sentencing, Stepien simply may not maintain an action against these officials and his claims against these defendants must be dismissed.

### C. Stepien's Amended Complaint Fails to State Any Claims Against Prison and Courthouse Supervisors

This amended complaint also names a host of prison and courthouse supervisory officials as defendants, but is wholly bereft of any factual allegations regarding direct misconduct by these defendants. This is a fatal flaw in this pleading since it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a government supervisory official, when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

15

In particular, with respect to government supervisory officials it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their

16

subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W.D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F.Appx. 178, 181 (3d Cir. 2006).

Here, Stepien does not allege that these supervisory officials directed the conduct of his case, or had knowledge of that conduct and acquiesced in it. Rather, these officials are merely listed in the caption of the complaint, without setting forth any well-pleaded facts which provide a basis for a claim against them in the body of this pleading. This is a style of pleading which is plainly inadequate to state a claim against supervisory officials and compels dismissal of these supervisory defendants. Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

### D. The Plaintiff's Claim For a Specified Amount of Unliquidated Damages Should Be Stricken

Finally, we note that the Court should also strike the claim for a specific sum of unliquidated damages, $8,000,000, from this *pro se* complaint. In this regard, Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time

17

order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984). In this case, Ball's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, that specific dollar claim will be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence

### E. This Amended Complaint Should be Dismissed With Prejudice

Having conducted this screening analysis and determined that this amended complaint is still wanting in multiple respects, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before

18

the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). With respect to the claims and defendants set forth in this amended complaint, this Court has previously provided the plaintiff with an opportunity to amend these pleadings, but to no avail. The current amended complaint still fails to state a viable civil rights cause of action against these officials, and actually repeats assertions that were previously found to be legally insufficient. Since the plaintiff has been afforded ample opportunity to correct the deficiencies identified in his prior complaint with respect to these defendants, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of many of the allegations in this amended complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the amended complaint be dismissed without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED, but that the plaintiff's amended complaint be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of January 2012.

                                    *S/Martin C. Carlson*
                                    Martin C. Carlson
                                    United States Magistrate Judge