UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY STEPIEN, | : |
| | :CIVIL ACTION NO. 3:11-CV-2274 |
| Plaintiff, | : |
| | :(JUDGE CONABOY) |
| v. | :(Magistrate Judge Carlson) |
| | : |
| JUDGE VITO GEROULO, et al., | : |
| | : |
| Defendants. | : |
| | : |

FILED
SCRANTON

FEB 07 2012

PER _____
DEPUTY CLERK

**ORDER**

*BACKGROUND OF THIS ORDER*

Plaintiff, an inmate at the Lackawanna County Prison, Scranton, Pennsylvania, filed this federal civil rights action on December 9, 2011 (Doc. 1). The matter was assigned to Magistrate Judge Martin C. Carlson who issued a Report and Recommendation on December 20, 2011, in which he recommended dismissing the case without prejudice. (Doc. 6.) Plaintiff did not file objections to the Report and Recommendation.

By Order of January 17, 2012, the Court agreed with Magistrate Judge Carlson's analysis. (Doc. 9.) However, because Plaintiff had filed an Amended Complaint (Doc. 11), rather than dismiss the case without prejudice, we remanded the matter to Magistrate Judge Carlson for screening of Plaintiff's Amended Complaint. (Doc. 9 at 2.)

Having screened Plaintiff's Amended Complaint (Doc. 11), Magistrate Judge Carlson issued his second Report and

Recommendation on January 18, 2012. (Doc. 10.) Magistrate Judge Carlson now recommends dismissal with prejudice. (Doc. 10 at 19.)

Plaintiff filed Objection to Recommendation on February 1, 2012. (Doc. 11.) He objects only to the conclusion that his Amended Complaint should be dismissed with prejudice. (Doc. 11 at 2.) He asserts that, because his civil rights have been violated, he should be allowed another opportunity to amend his complaint. (*Id.*) Plaintiff adds that he is seeking legal assistance and is currently "in the process of having his case overturned through a P.C.R.A." (*Id.* at 5.) Finally, Plaintiff requests that the Court allow him another opportunity to present his claims "after consulting with professional legal counsel and obtaining results from the decision of the pending P.C.R.A." (*Id.* at 6.)

We agree with Magistrate Judge Carlson's thorough analysis of the issues raised in Plaintiff's Amended Complaint. As will be set out in more detail below, we conclude that some claims should be dismissed with prejudice because amendment would be futile. However, we cannot say that all claims should be dismissed with prejudice.

AND NOW, THIS _7th_ DAY OF FEBRUARY 2012, IT APPEARING TO THE COURT THAT:

1. When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 150-53

(1985). Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. See *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

2. Plaintiff objects only to the Magistrate Judge's recommendation that his case be dismissed with prejudice; he did not object to the Magistrate Judge's substantive conclusions. As set out below, Plaintiff's Amended Complaint is dismissed with prejudice in part and dismissed without prejudice in part.

3. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that Plaintiff cannot succeed on his claim for damages against state officials based on the application of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 10 at 8-10.)

4. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that he may not sue his defense counsel for alleged civil rights violations. (Doc. 10 at 10-12.) Whether a privately-retained attorney or a public defender, an individual performing traditional functions of counsel does not act under color of state law, and, therefore, cannot be liable pursuant to section 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Murphy v. Bloom*, 443 Fed. App'x 668, 670 (3d Cir. 2011) (not precedential). Therefore, Plaintiff's civil rights claims against Defendants Dench, Brown, Petorak, and Prejean are dismissed with

prejudice.

5. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that the judge, prosecutors, and courthouse employees who participated in this case are entitled to immunity (Doc. 10 at 12-14). Therefore, any claims against these Defendants (Judge Geroulo, District Attorney Jarbola, Court Administrator Parry, Clerk of Judicial Records Rinaldi, and Court Reporter Nicol) are dismissed with prejudice.

6. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that Plaintiff has failed to state a claim against prison and courthouse supervisors because Plaintiff has not alleged any well-pleaded facts against them in the body of his Complaint. (Doc. 10 at 15-17.) Because this is a fact-related recommendation, dismissal against these Defendants (Warden McMillan, Prison Administrator Thompson, and Commissioner Corey O'Brien) is without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 10) is ADOPTED in part;
2. Plaintiff's Amended Complaint (Doc. 7) is dismissed with prejudice as to Defendants Dench, Brown, Petorak, Prejean, Geroulo, Jarbola, Parry, Rinaldi, and Nicol and all claims against them;
3. Plaintiff's Amended Complaint (Doc. 7) is dismissed

without prejudice as to Defendants McMillan, Thompson, and O'Brien

4. The Clerk of Court is directed to close this case.

*[signature]*
RICHARD P. CONABOY
United States District Judge